VINCE WILLIAM RAZO, Petitioner-Appellant,
v.
STATE OF HAWAI'I, Respondent-Appellee
No. 28848
Intermediate Court of Appeals of Hawaii.
January 23, 2009.
On the briefs:
Vince William Razo, Pro Se Petitioner-Appellant. Renee Iskikawa Delizo, Deputy Prosecuting Attorney,
County of Maui, for Respondent-Appellee.

SUMMARY DISPOSITION ORDER
RECKTENWALD, C.J., NAKAMURA and LEONARD, JJ.
Petitioner-Appellant Vince William Razo appeals from the Findings of Fact, Conclusions of Law, and Judgment Denying Rule 40 Petition for Post-Conviction Relief filed on October 16, 2007, in the Circuit Court of the Second Circuit (circuit court).[1]
On May 24, 2004, Razo was convicted in Cr. No. 03-1-0293(2) of Promoting a Dangerous Drug in the Second Degree, in violation of Hawaii Revised Statutes (HRS) § 712-1242(1)(b)(i) (Supp. 2007), Prohibited Acts Related to Drug Paraphernalia, in violation of HRS § 329-43.5(a) (1993), Promoting a Detrimental Drug in the Third Degree, in violation of HRS § 712-1249(1) (1993), and Attempted Promoting a Dangerous Drug in the First Degree, in violation of HRS § 705-500 (1993) and 712-1241(1)(b)(ii)(A) (Supp. 2003) (Count 4).
Razo appealed from his convictions. On September 8, 2006, this court issued a Summary Disposition Order (SDO) in appeal No. 26604, which affirmed Razo's convictions.
On March 30, 2007, Razo filed a Petition for Post-Conviction Relief Pursuant to Hawaii Rules of Penal Procedure Rule 40. On October 16, 2007, the circuit court issued its Findings of Fact, Conclusions of Law, and Judgment Denying Rule 40 Petition for Post-Conviction Relief.
On appeal, Razo states his points of error as follows:
1. Ineffective appellate counsel for failing to argue federal constitutional violations committed by State and police officials in obtaining conviction in this instant case.
2. Rule 48 violation as to Speedy Trial guaranteed an accused in violation of the Sixth Amendment to the United States Constitution.
3. There are issues pertaining to the evidence upon which appellant had been convicted.
4. Issues as to the Statute of Limitations to bring forth evidence in this instant case.
5. There are issues concerning the accurate measurements of the alleged substance(s) upon which this conviction hinges.
6. Improper identification of evidence at trial.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve Razo's points of error as follows:
(1) Razo fails to provide any argument in support of his claim that his appellate counsel in appeal No. 26604 was ineffective for failing to raise violations of Razo1s federal constitutional rights. Therefore, the issue is waived. Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b) (7).
(2) On February 19, 2004, Razo filed a Motion to Dismiss in Cr. No. 03-1-0293(2), on the ground that he was denied a speedy trial in violation of Hawai'i Rules of Penal Procedure (HRPP) Rule 48 and the United States and Hawai'i constitutions. On March 12, 2004, the circuit court denied the motion. Razo has failed to establish the existence of extraordinary circumstances justifying his failure to challenge the denial of that motion or to otherwise raise the issue on direct appeal, and accordingly, the issue is waived. HRPP Rule 40(a)(3). Additionally, Razo has failed to establish that the circuit court erred in denying the Motion to Dismiss.
(3) Razo appears to contend that there was insufficient evidence to support his conviction on Count 4 because the State did not establish that he intended to distribute methamphetamine. However, this argument was raised by Razo on direct appeal and rejected by this court as is reflected in the SDO at pages 5-7. Accordingly, HRPP Rule 40 relief is not available. HRPP Rule 40(a) (3).
(4) Razo does not provide any argument on appeal with regard to a statute of limitation. Therefore, the issue is waived. HRAP Rule 28(b)(7).
(5) Razo's remaining arguments focus primarily on his assertion that the State failed to establish sufficient foundation at trial for testimony by police criminalist Julie Wood regarding the weight of the substances found in Razo's possession and testing she performed to establish that the substances contained methamphetamine. However, Razo admitted at trial that he possessed more than one-eighth ounce of methamphetamine. Thus, any error with regard to the admission of Wood's testimony was in any event harmless beyond a reasonable doubt.
Additionally, Razo fails to establish extraordinary circumstances justifying his failure to raise these arguments on direct appeal, and accordingly, they are waived. HRPP Rule 40(a)(3).
IT IS HEREBY ORDERED that the October 16, 2007 Findings of Fact, Conclusions of Law, and Judgment Denying Rule 40 Petition for Post-Conviction Relief filed in the Circuit Court of the Second Circuit is affirmed.
NOTES
[1] The Honorable shackley F. Raffetto presided.